IN RE ESTATE OF WILLIAM MEDFORD.

**MARRIAGE:    Common-Law Requisites.**   Proof of cohabitation is not sufficient to constitute a common-law marriage.

*Appeal from Fremont District Court.*—EARL PETERS, Judge.

JANUARY 15, 1924.

ACTION to vacate the appointment of an administrator.   The

court below dismissed the petition, and petitioner appeals. The facts are stated in the opinion.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*R. F. Hickman* and *Tinley, Mitchell, Ross & Mitchell,* for appellee.

ARTHUR, C. J.—Alleging in her petition that she was the common-law wife and the surviving widow of William Medford, who died on February 28, 1922, Mrs. S. D. Patterson prays that the appointment of Charles Medford by the clerk of the district court of Fremont County, as administrator of his estate, be vacated and set aside, and that she be appointed in his place and stead. The court dismissed the petition, and she appeals.

The evidence shows that appellant resided in Shenandoah, Page County, where she still resides, for many years prior to 1904, and that the deceased, who was engaged in the furniture business in Shenandoah, boarded or resided at her home from about 1887 until the above date. During this time appellant and deceased had illicit relations. They were separately indicted by the grand jury in 1904, upon the charge of lewd and lascivious conduct with each other. To these indictments they each entered a plea of guilty, and separately paid the fine imposed by the court.

Deceased continued at intervals to board or live with appellant at her home. The evidence without dispute shows that, during a part of the time at least, they occupied the same bed. In 1910, deceased took up his residence in Hamburg, Fremont County, where he resided until his death, in 1922. During this period he made frequent trips to Shenandoah, and while there, appears to have made appellant's residence his home. The evidence tends to sustain the claim of appellant that deceased gave her money, paid the taxes upon her home, and purchased and paid for groceries, coal, and other supplies for her. Two witnesses testified that he said that he and appellant were married. Numerous witnesses were called who testified that the general reputation of deceased and appellant in Shenandoah was that they were husband and wife. Equally as many witnesses testified to the contrary. A daughter of appellant's testified that

deceased told her that he was married to her mother, but did not claim that a marriage ceremony had been performed. Documents, letters, etc., were introduced in evidence, indicating that deceased wrote to appellant, after he moved to Hamburg, as Mrs. Patterson, and that he kept an account, for several years, of the money he paid to or for her, and in this account he so designated her.

It is conceded by appellant that her relations with Medford up to the time the indictments were returned against them were unlawful, and that they did not claim then to be husband and wife. To constitute a common-law marriage, there must be a present agreement between the parties to be husband and wife, followed by cohabitation as such. *Pegg v. Pegg,* 138 Iowa 572; *Love v. Love,* 185 Iowa 930; *Brisbin v. Huntington,* 128 Iowa 166.

Mere proof of cohabitation is not sufficient. We find no proof of a contract of marriage entered into after 1905. Their relations apparently continued the same. There is nothing shown in the record to overcome the presumption that the illicit character of their association was unchanged. We need not recite all of the evidence upon this point; but a careful examination of the evidence fails to disclose any testimony whatever that the parties at any time agreed to be husband and wife, or that they lived together after 1905 under a different arrangement from that which existed prior to 1904. Deceased never appears to have introduced appellant as his wife, although a woman who roomed at the appellant's home testified that she was frequently referred to in her presence as Mrs. Medford. His brother, who resided at Hamburg, and was frequently in Shenandoah, never heard that she claimed to be married to deceased. The one affirmative act indicating that she claimed to be his wife was in 1907, when she undertook to prevent him from selling some property, by claiming that she was his wife. She later executed a quitclaim deed to the property, in the name of Patterson. She never visited his people, although they lived near by, and appears to have been known in the neighborhood as Mrs. Patterson, or Mrs. Priest, she having been previously married to a man of that name.

Although the parties at times lived together much as hus-

band and wife, and deceased paid appellant small sums of money, or purchased necessary supplies for her home, the burden resting upon appellant to establish a common-law marriage is not met. Their relations were admittedly lewd and lascivious for many years; and the entire absence of proof of any kind of a contract or agreement of marriage, coupled with the affirmation showing that their relations were not changed, and that he moved to another town merely, and lived for twelve years, visiting her occasionally, but not living with her in any other sense, is quite conclusive against appellant's contention. She never visited deceased at Hamburg, never visited his people, nor, so far as the record disclosed, ever claimed to be his wife, except as stated above.

It follows that the judgment of the court below must be sustained.—*Affirmed*.

EVANS, PRESTON, and FAVILLE, JJ., concur.