**Bernard E. Newton, Plaintiff-Appellee, v. Mamie Lehman, Defendant-Appellant.**

**Gen. No. 68–82.**

Third District.

February 10, 1969.

Harold Lounsberry, of Rock Island, for appellant.

Stewart R. Winstein, of Rock Island, for appellee.

ALLOY, J.

This action was instituted by a complaint for declaratory judgment by plaintiff, Bernard E. Newton, as against defendant, Mamie Lehman. In the complaint plaintiff prayed that the court find that the parties were not legally married. Following a default judgment, in favor of plaintiff, in such action, the cause was appealed to this Court and was thereupon remanded to the Circuit Court of Rock Island County for a hearing of the cause on the merits (Newton v. Lehman, 67 Ill App2d 302, 214 NE2d 142). The issues considered on the previous appeal are of no further significance at this time.

Defendant filed a motion for summary judgment requesting dismissal of the action for the reason that plaintiff had previously filed a divorce action in Scott County, Iowa, reciting that the parties had lived together as husband and wife. The motion was denied by the trial court. The cause was tried by the court without a jury and following a hearing in which there were certain admissions, and the testimony of the parties, the trial court entered an order finding the parties had not been legally married. On appeal in this Court, defendant, Mamie Lehman, asserts that the finding of the trial court that the parties were not legally married is contrary to the laws of the State of Iowa and contrary to the weight of the evidence.

The record in this case discloses that the parties had lived together in Iowa for a number of years. They filed income tax returns as husband and wife; a bankruptcy petition was filed by plaintiff listing plaintiff and defendant as husband and wife; loans were secured in which the parties were listed as husband and wife and a mercantile purchase or purchases were made with defendant referred to as Mrs. Newton. As indicated previously, a divorce action had been filed by plaintiff in Iowa.

Following the proceedings in the Circuit Court of Rock Island County and the order entered on December 13, 1963, in which the Circuit Court of Rock Island County declared that there was no common-law marriage between the parties, plaintiff had married one Lillie M. Kruger on December 21, 1963. That marriage has not been dissolved but is held "in abeyance" awaiting termination of this proceeding. No children were born or adopted as a result of the association of plaintiff Bernard E. Newton and defendant Mamie Lehman.

The trial judge, following the hearing in the cause in which only the plaintiff and defendant testified, found that for some years the plaintiff and defendant had lived together but had never obtained a marriage license or participated in a marriage ceremony. The court found, however, that on the basis of the testimony in the record and despite the activities of plaintiff and defendant, there was in fact no Iowa common-law marriage established as between plaintiff and defendant.

In the case of In re Long's Estate, 251 Iowa 1042, 102 NW2d 76, the reviewing court of the State of Iowa outlined the specific limitations relating to common-law marriages in that state. The court asserted that there must be (1) an intent and agreement at the present time as to the marriage on part of both parties together with continuous cohabitation and public declaration that they are husband and wife, (2) that the burden of proof is on the one asserting the claim of common-law marriage,

(3) that all elements of their relationship as to marriage must be shown to exist, and (4) that a claim of such common-law marriage is regarded with suspicion and will be closely scrutinized. In the Long case witnesses testified that parties lived together as husband and wife. An automobile driver's license was issued to the decedent lady in the name of Long and a number of Christmas cards were introduced directed to the parties as Mr. and Mrs. Tom Long. Health and hospitalization policies were issued under the name of Long and there was evidence from an election official that the decedent voted in Iowa in 1952, 1954 and 1956 under the name of Long. There was also specific evidence of acts of the parties in their individual names, and the court concluded that when it served their purpose, the parties had held themselves out as man and wife and when it served their purpose to be single, they ignored the claim of marriage. The court stated that while there was much evidence of the parties living together this was no evidence of an announcement of marriage to friends or relatives and consequently the court found that there was no common-law marriage.

Intention to bring about a common-law marriage is not inferred from cohabitation alone (In re Boyington's Estate, 157 Iowa 417, 137 NW 949). In the case of Reppert v. Reppert, 214 Iowa 17, 241 NW 487, the Iowa Supreme Court concluded that there was no rational explanation why the plaintiff and defendant should be divorced, and thereafter intend to remain as husband and wife after the divorce decree was entered. Even though there was evidence that the parties stated everything is "going on just the same" this was not sufficient to establish a common-law marriage especially when statements indicating such marriage intention are denied by one of the parties.

In Pegg v. Pegg, 138 Iowa 575, 115 NW 1027, the parties had been twice arrested on the charge of illicit

cohabitation. On the second of such prosecutions, an instrument was drawn up by their lawyer and signed by them in his office purporting to be a marriage contract between them by which they agreed to take each other as lawful husband and wife and live together as such during life. The court stated that this was not sufficient and that for a common-law marriage to be valid there must be a present agreement to be husband and wife followed by cohabitation as such. A mere written or oral agreement to be husband and wife, without the present intention to assume the relation in fact, does not constitute a marriage between the parties especially if the agreement is entered into for some other purpose. In State v. Grimes, 215 Iowa 1287, 247 NW 664, the Iowa Supreme Court found that a written contract reciting that the parties agreed to live as husband and wife until lawfully married, was not sufficient to establish a common-law marriage because it did not show a present intention to assume a legal marital relationship.

■ Although common-law marriages are not legal in Illinois, the Illinois courts have had occasion to consider Iowa common-law marriages. In the case of Jambrone v. David, 16 Ill2d 32, 156 NE2d 569, the Supreme Court of this State held that the evidence was insufficient to sustain a finding that the natural parents of a child entered into a common-law marriage in Iowa prior to the child's birth. The Illinois court pointed out, at page 36 (16 Ill2d 32, at 36):

> "To establish the existence of such a marriage there must be shown a present intent to be husband and wife, followed by cohabitation. Pegg v. Pegg, supra, at page 575 of 138 Iowa, at page 1028 of 115 NW; State v. Grimes, 215 Iowa 1287, 247 NW 664, 665. Proof of cohabitation is not in itself sufficient. In re Estate of Medford, 197 Iowa 76, 78, 196 NW 728. But such proof, as well as evidence of conduct and of general repute in the community where the par-

446

ties reside is admissible as tending to strengthen a showing of a present agreement to be husband and wife, and as bearing upon the question of intent. In re Estate of Wittick, 164 Iowa 485, 493, 145 NW 913, 916. It is thus to be seen that only the contract per verba de praesenti, followed by cohabitation, need be established and that conduct and reputation are but evidential facts which tend to prove or disprove the agreement and intent of the parties."

In the case before us, it is apparent from the record and the testimony of the parties that at the time the parties began living together in Fort Dodge, Iowa, nothing was said about a present intention of marriage. There was merely an assertion that the parties would live together. The record does not show a common understanding of the parties that they were to be husband and wife, and there was direct evidence elicited on cross-examination in which defendant testified that plaintiff never promised to marry her but that he would marry her later on, but did not tell her when that would be.

The plaintiff's activity in listing defendant as his wife and securing loans; in filing of a divorce action in Iowa upon the advice of his lawyer and in filing bankruptcy proceedings listing defendant as his wife, is not conclusive of a voluntary intent at a present time to enter into the relationship as husband and wife, followed by cohabitation, to any greater extent than was the instrument prepared by the lawyer for the parties in the case of Pegg v. Pegg, supra, or the contract in State v. Grimes, supra.

 On the basis of a review of the trial record, it is apparent that the trial court was justified in finding that neither party to the cause testified to a present intent to become husband and wife followed by cohabitation any time during the years they lived together. Apparently, they were both willing to accept the advantages

that the marital status of husband and wife would give them, including filing of income tax returns, bankruptcy proceedings, etc. Bernard Newton flatly denied that he ever agreed to become the husband of defendant. The court could likewise have determined that the testimony of defendant, Mamie Lehman, did not clearly establish any present intention of the parties to become husband and wife. The trial court correctly determined that defendant has the burden of proving a common-law marriage in Iowa. We cannot state, on a review of the record, that the court's determination that a common-law marriage was not established, was contrary to the manifest weight of the evidence.

We must, therefore, conclude that the order of the trial court finding that there was no common-law marriage between the parties was not contrary to the laws of the State of Iowa or against the manifest weight of the evidence. The order of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J. and RYAN, J., concur.